HENRY H. ISHAM, as Trustee, etc., Respondent, *v.* MARY E. POST, as Administratrix of AUGUSTUS T. POST, Deceased, Appellant.

MARY E. POST, as Administratrix of AUGUSTUS T. POST, Deceased, Appellant, *v.* HENRY H. ISHAM, Individually, and as Trustee, etc., and Others, Respondents.

*Check signed as " trustee " — resulting notice to the receiver of the check — liability of one who invests funds for another upon forged securities.*

The fact that the signature of the drawer of a check, given to a banker for the purpose of investing the funds covered thereby, is followed by the word "trustee," gives notice to the receiver of the check that the funds are not or may not be the property of the drawer personally.

But such use of the word "trustee" is not of itself sufficient to put the receiver of the check on notice that the funds belong to a trust of such a character that the trustee is limited in the investment thereof solely to what are called "legal investments," so as to render the receiver of the check liable, as for a spoliation of the trust estate, if he loans the proceeds of the check to stock brokers on stock collaterals.

Where, however, a banker loans trust funds so received by him for investment, on the faith of stock collaterals, and the securities so taken by him are spurious, and are not the securities contemplated by the parties, and he fails to take any precautions to verify the genuineness of the securities, although an opportunity for inquiry was open to him, and if availed of would have disclosed the forgery and prevented loss, he will be liable to the trustee for a resulting loss of the trust funds.

APPEAL by the defendant in the first above-entitled action, and plaintiff in the second, Mary E. Post, as administratrix of Augustus

T. Post, deceased, from the judgments of the Supreme Court, entered in the respective actions in the office of the clerk of Kings county on the 4th day of November, 1892, upon a decision of the court rendered after a trial by the court, at the Kings County Special Term.

The actions involved the same subject-matter, the liability of Augustus T. Post for funds belonging to the Trumbull estate, of which Henry H. Isham is trustee, loaned by Post upon securities which turned out to be forged. The actions were tried at the same time, as one action, the judgment roll in one being the same as the judgment roll in the other.

The judgment in the first action required the defendant, the present appellant, to give security to the plaintiff for the payment of $27,952, on demand; the judgment in the second action was for a dismissal of the complaint.

The evidence showed that on the 13th day of November, 1890, Henry H. Isham, having in his hands the sum of $25,000 of moneys belonging to the Trumbull estate, of which he was the trustee, employed the appellant's intestate, Augustus T. Post, a banker, who had for fifteen years made investments for the trust estate, to loan these moneys upon securities sufficient to assure its repayment.

Upon this day Mr. Post received a check for $25,000 from Mr. Isham, signed " Henry H. Isham, trustee," deposited it to his own credit in his bank, and loaned $25,000 by his own check and in his own name, to certain stock brokers, upon stock collaterals, some of which had been forged by one of the borrowers, by altering or raising the number of shares which the certificates purported to represent. On the 15th day of November, two days after the loan, the borrowers, who were in fact insolvent when the loan was made, failed, and made an assignment.

Other facts are set forth in the Special Term opinion.

*Alexander Ely*, for the appellant.

*Frederick A. Ward*, for the respondent Isham.

*Clarence D. Ashley*, for the respondent Ripley.

PRATT, J.:

The opinion at Special Term sufficiently discusses the law and facts. The judgment must be affirmed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment in each of these appeals affirmed, with costs.

The opinion delivered at Special Term was as follows:
CULLEN, J.:

Even though the plaintiff were a party to the wrong, if the defendant's intestate was guilty of a spoliation of the trust estate, the plaintiff in his representative character can maintain this action. But I do not think that the loan Mr. Post assumed to make was *per se* a misuse of trust funds, for which he would be responsible. The word "trustee" in the check gave notice to the banker that the funds were not or might not be the property of the plaintiff individually. (*Jaudon* v. *Nat. City Bank*, 8 Blatchf. 430; *Shaw* v. *Spencer*, 100 Mass. 382; *Baker* v. *Bliss*, 39 N. Y. 70.)

Therefore, if the transaction was *prima facie* a waste or spoliation of the trust estate, or if the trustee apparently was using the trust funds for his personal benefit, the banker participating in the matter and receiving the funds would be liable. But I think that this transaction was not of that character. I find as a fact that Post had no knowledge or notice that that money belonged to the particular trust estate of which it now seems to be the property. The transaction was not dishonest or hazardous. The plaintiff himself had no thought that he was wrongdoing. Loans on collateral to brokers are made by banks, bankers and trust companies. To declare the defendant liable on the theory that the loan as it was intended to be made was illegal and a waste of trust funds, it is necessary to hold that the word "trustee" put the receiver of the check on notice not only that the plaintiff did not hold the moneys in his own right, but that the trust was of such a character that the trustee was limited solely to what are called "legal investments." I think that would be carrying the doctrine of implied notice too far. In this very case the trustee could, with the assent of the beneficiaries, invest in any class of securities. It is a matter of common knowledge that many of the bank accounts in the name of a person simply as trustee require no such strictness in investments. I am not disposed, therefore, to hold the defendant liable on this ground.

The question then arises as to the responsibility for receiving the forged or altered certificates of stock. I have searched in vain for

precedent in this respect. Two cases arising from stock transactions are to be found in the reports which approach the case in hand, but still are to be distinguished from it. In *Lambert* v. *Heath* (15 M. & W. 484), the stock broker was held not liable for the invalidity of certain Kentish Coast railroad scrip purchased by him for his principal, on the ground that he bought the thing he was ordered to buy, that is, the scrip that was selling in the market. In *Peckham* v. *Ketchum* (5 Bosw. 506), the stock delivered by the broker to his principal was a genuine certificate, but was alleged to be invalid because of an over issue of stock by the officers of the New York and New Haven Railroad Company. Here, also, the broker was held not liable.

But here the loan was concededly to have been made on the faith of the collaterals and the securities on which it was made; spurious securities were not the securities contemplated by the parties, nor did the banker take any precautions to verify the genuineness of the securities and guard against forgery. There were accessible to the banker both the office and the company issuing the stock, and the office of the trust company which registered the certificates. An inquiry at either office would have disclosed the forgery and prevented the loss. It is true that the banker did not take this precaution in the case of his own loan. But this does not determine the question of care. He undoubtedly relied on the standing of the firm to whom he made the loan. But this confidence was his own; the plaintiff did not know the parties. This is a hard case for either party on whom ultimately the liability is adjudged to rest. But where so simple a precaution as that already stated would have exposed the fraud, I think that the liability should rest on the party who neglected to avail himself of it. There will, therefore, be judgment for plaintiff, with costs.

This decision disposes of the cross suit of *Post* v. *Isham*, in which the complaint will be dismissed, without costs.